UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
AT LEXINGTON
CIVIL ACTION NO. _____
~*Electronically Filed*~

SHAUN PADGETT  PLAINTIFF

V.

SAMANTHA DAUGHERTY, JENNIFER PELFREY,
DEANNA GREENE, BILLY BAKER, JOHN DOES 1-10,
JANE DOES 1-10, and ADVANCED CARE CENTER, INC.  DEFENDANTS

\* \* \* \* \* \* \* \* \*

### NOTICE OF REMOVAL OF CASE NO. 14-CI-3752 FROM FAYETTE CIRCUIT COURT

Defendant Advanced Care Center, Inc. ("ACCI"), by counsel and pursuant to 28 U.S.C. § 1441, hereby gives notice of the removal of Case No. 14-CI-3752 from the Fayette Circuit Court to the United States District Court for the Eastern District of Kentucky at Lexington. In support of its Notice of Removal, ACCI states as follows:

### BASIS FOR REMOVAL

1. Plaintiff, Shaun Padgett ("Padgett"), has commenced and there is now pending an action in the Fayette Circuit Court, Fayette County, Kentucky, styled *Shaun Padgett v. Samantha Daugherty, Jennifer Pelfrey, Deana Greene, Billy Baker, John Does 1-10, Jane Does 1-10, and Advanced Care Center, Inc.*, Case No. 14-CI-3752. A copy of the Fayette Circuit Court file for this action, including a true and accurate copy of all process, pleadings, and orders served upon ACCI in this action as of the date of the filing of this notice, is attached hereto as Exhibit A.

2. Pursuant to 28 U.S.C. § 1441(a):

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the

district court of the United States for the district and division embracing the place where such action is pending.

Thus, removal of a state court action to this Court is proper where this Court would otherwise have original subject matter jurisdiction of the action.

3. 28 U.S.C. § 1331 provides that the district courts shall have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

4. Count VIII of Plaintiff's Complaint filed before the Fayette Circuit Court alleges violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1964 and 1962(c).

5. 18 U.S.C. § 1962(c) provides that "It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of an unlawful debt."

6. 18 U.S.C. § 1964(c) states that "Any person injured in his business or property by reason of a violation of section 1962 of this chapter may sue therefor in any appropriate United States district court . . ." Thus, this Court has original subject matter jurisdiction over Count VIII of Plaintiff's Complaint.

7. The remainder of Plaintiff's Complaint asserts claims for breach of contract, conversion, unjust enrichment, tortious interference with contractual advantage, breach of fiduciary duty, and fraud in the inducement.[1]

8. 28 U.S.C. § 1367 provides that "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form

---

[1] Although the Plaintiff's claim related to RICO violations is labeled as "Count VIII," there are only seven counts listed in Plaintiff's Complaint.

part of the same case or controversy under Article III of the United States Constitution." Claims form part of the same case or controversy when they "derive from a common nucleus of operative facts." *Harper v. Autoalliance Int'l, Inc.*, 392 F.3d 195, 209 (6th Cir. 2004) (quoting *Ahearn v. Charter Township of Bloomfield,* 100 F.3d 451, 454-55 (6th Cir. 1996)).

9. The claims brought pursuant to RICO as well as all other claims asserted in Plaintiff's Complaint arise out of Plaintiff's alleged attempt to acquire ownership of all of the outstanding shares of ACCI through payment of $150,000 to Defendants Samantha Daugherty ("Daugherty"), Deanna Greene ("Green"), and Jennifer Pelfrey ("Pelfrey") and $50,000 to Defendant Billy Baker ("Baker"). *See* (Paras. 1-3 and 19-36 of Plaintiff's Complaint). Thus, this Court may exercise supplemental jurisdiction over the state law claims identified in Plaintiff's Complaint.

10. Additionally, 28 U.S.C. § 1332(a) provides the district courts with original jurisdiction over all civil actions where "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs" and is between citizens of different states.

11. Upon information and belief, the Plaintiff Padgett is a resident and domiciliary of Tampa, Fla.

12. Upon information and belief, the Plaintiff is a citizen of the state of Florida.

13. Upon information and belief, Defendant Daugherty is a resident and domiciliary of Richmond, KY, Defendant Pelfrey is a resident and domiciliary of Lexington, KY, Defendant Greene is a resident and domiciliary of Lexington, KY, and Defendant Baker is a resident and domiciliary of Lagrange, KY.

14. Upon information and belief, Defendants Daugherty, Pelfrey, Greene, and Baker are citizens of the state of Kentucky.

15. ACCI is a corporation formed under the laws of the Commonwealth of Kentucky with its principal place of business being located at 151 North Eagle Creek Dr., Suite 1400, Lexington, KY. Thus, ACCI is deemed a citizen of the state of Kentucky. 28 U.S.C. § 1332(c)(1).

16. The residency of the remaining defendants, John Does 1-10 and Jane Does 1-10 is unclear. However, 28 U.S.C. § 1441(b)(1) provides that "[i]n determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded." It is also well settled that the Court's diversity jurisdiction is established at the time of removal and as of the date of this removal notice these unknown defendants have not been properly joined and served as parties to this action. *Sorrell v. Regency Nursing, LLC,* Civil Action No. 3:14-CV-00304-TBR, 2014 U.S. Dist. LEXIS 72726, at *7-9 (W.D. Ky. May 27, 2014) (citing *e.g., St. Paul Mercury Indem. Co. v. Red Cab Co.,* 303 U.S. 283, 284 (1938) and rejecting the plaintiff's argument in favor of remand on the basis that in all likelihood the "Unknown Defendants" she intended to discover and include as litigants would destroy diversity).

17. Pursuant to 28 U.S.C. § 1446(c)(2) "[i]f removal of a civil action is sought on the basis of jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleadings shall be deemed to be the amount in controversy . . ."

18. Plaintiff Padgett's Complaint seeks damages of $3,000,000, exclusive of interests and cost. (Complaint at "WHEREFORE" Clause).

4

19.     Thus, complete diversity exists between the Plaintiff and the Defendants and the Court has original jurisdiction on the basis of 28 U.S.C. § 1332.[2]

## PROCEDURAL REQUIREMENTS FOR REMOVAL

20.     Plaintiff Padgett filed his Complaint on or about October 2, 2014 and Defendant ACCI was served with a copy of the summons and Complaint via certified mail on or about October 6, 2014.

21.     In accordance with 28 U.S.C. § 1446(b)(1), this Notice of Removal is filed with the Court within thirty (30) days after service upon ACCI. Thus, this Notice of Removal is timely filed pursuant to 28 U.S.C. 1446(b).

22.     28 U.S.C. § 1446(b)(2)(A) provides that "When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." (emphasis added).

23.     As of the date of the filing of this notice, only Defendants ACCI and Baker have been properly served and joined as defendants to this action. (Affidavit of Lisa Lizer, attached as Exhibit B).

24.     Upon information and belief, Plaintiff Padgett has released his claims against Defendant Baker and thus Baker is no longer required to join in or consent to removal of the action. (Affidavit of Kristeena Johnson, attached as Exhibit C).

25.     Pursuant to 28 U.S.C. § 1446(a), this Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure.

---

[2] Although 28 U.S.C. § 1441(b)(2) provides that "[a] civil action otherwise removable solely on the basis of jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served is a citizen of the State in which such action is brought," this action is not removable solely on the basis of diversity jurisdiction. As stated, removal is also proper on the basis of federal question jurisdiction under 28 U.S.C. § 1331. If removed on the basis of federal question jurisdiction, the District Court has supplemental jurisdiction over the remaining state law claims alleged in Plaintiff's Complaint. Thus, 28 U.S.C. § 1441(b)(2) does not bar removal.

26. Pursuant to 28 U.S.C. § 1446(d), ACCI intends to promptly provide written notice of removal to all adverse parties and file a copy of this notice with the clerk of the Fayette Circuit Court, effecting the removal of the above styled action to this Court.

## **CONCLUSION**

For the foregoing reasons, Defendant ACCI submits that this Court's removal jurisdiction is properly invoked in this action.

Respectfully submitted,

*/s/ Grahmn N. Morgan, Esq.*
Grahmn N. Morgan
Kristeena L. Johnson
DINSMORE & SHOHL LLP
250 West Main Street, Suite 1400
Lexington, Kentucky 40507
Telephone: (859) 425-1000
Facsimile: (859) 425-1099
*Counsel for Defendant,*
*Advanced Care Center, Inc.*

## **CERTIFICATE OF SERVICE**

      I hereby certify that a true and accurate copy of the foregoing was served via U.S. mail, postage prepaid, on this the 5th day of November, 2014 upon:

Stephen W. Long
P.O. Box 462
Crestwood, KY 40014
(502) 419-2210
*Counsel for Plaintiff Shaun Padgett*

                                          */s/ Grahmn N. Morgan, Esq.*_____
                                          *Counsel for Defendant Advanced Care Center, Inc.*

7314058v1