AOC-500
Rev. 10-00

FILED OCT 30 2014

Date: _____ County

VINCENT RIGGS, CLERK
FAYETTE CIRCUIT COURT
CIVIL DIVISION
120 N. LIMESTONE STREET C103
LEXINGTON, KENTUCKY 40507

Case/Citation No. _____

Received From: _____

Account Of: _____

CASH RECEIPT NUMBER

| | | | |
|---|---|---|---|
| CHARGES FOR SERVICES | | COURT FACILITIES FEE | |
| EXPUNGEMENT FEE | | COURT SECURITY FEE | |
| D.C.E. FEE | | CIVIL FILING FEE | |
| BOND FILING FEE | | ACCESS TO JUSTICE FEE | |
| BOND 10% FEE | | P.A. RCPMNT. FEE | |
| BOND FORFEITURE | | P.A. ADM. FEE | |
| FISH AND GAME VIOLATIONS | | INTEREST INCOME | |
| HIGHWAY WORK ZONE SAFETY FINES | | JURY FUND | |
| ALCOHOL INTOXICATION FINES | | WITNESS FUND | |
| ENERGY RECOVERY ROAD FUND | | BAIL BOND (FACE AMT. BOND) | |
| CRIMINAL/TRAFFIC FINES | | ALIMONY AND SUPPORT | |
| CRIMINAL/TRAFFIC COSTS | | RESTITUTION & GARNISHMENT | |
| JUVENILE FINES AND COSTS | | CONDEMNATION | |
| STATE JAIL FUND | | COUNTY JAIL FEE | |
| CRIME VICTIMS FUND | | MONEY COLLECTED FOR OTHERS | |
| D.U.I. SERVICE FEES | | Copies | 9.25 |
| BRADY BILL FEE | | LIBRARY FEE | |
| S.C.H.I.R. FEE | | SHERIFF'S SECURITY SERVICES FEE | |
| TRAUMATIC BRAIN INJURY FEE | | SPECIAL ESCROW | |
| | | TOTAL RECEIPT | |

FAYETTE

# CI   14-CI-03752

PADGETT, SHAUN VS. DAUGHERTY,
, ET AL

**Summons**

eFiled: 10/2/2014 ID: 2302
  By: STEPHEN WESLEY LONG
Pages total: 1    Image size: 0.26 MB

**FILED / ENTERED**
10/2/2014
FAYETTE
Vincent Riggs, Fayette Circuit Clerk
BY: _____ D.C.

Case Number: 14-CI-03752

CIVIL SUMMONS

Case # 14-CI-03752
Court: CIRCUIT
County: FAYETTE

Plaintiff PADGETT, SHAUN  VS DAUGHERTY, SAMANTHA  ET AL  Defendant

TO:  JOHN CLONTZ
     1713 NICHOLASVILLE ROAD
     LEXINGTON, KY 40503

eFiled

1

The Commonwealth of Kentucky to the above named Defendant(s)

You are hereby notified that a legal action has been filed against you in the Court demanding relief as shown on the document delivered to you with this Summons. Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

**US Postal Service** **Certified Mail Receipt**
*Domestic Mail Only; No Insurance Coverage Provided*

Postage  $
Certified Fee
Return Receipt Fee (Endorsement Required)
Restricted Delivery Fee (Endorsement Required)
Total Postage & Fees  $
Postmark Here

Sent To:
JOHN CLONTZ
1713 NICHOLASVILLE ROAD
LEXINGTON, KY 40503
14-CI-3752

7196 9008 9115 6042 0194

PS Form 3800, January 2005   US Postal Service®

Certified Mail™ Receipt

2



AOC-E-105     Sum Code: CI
Rev. 9-14

Commonwealth of Kentucky
Court of Justice   *Courts.ky.gov*

CR 4.02; Cr Official Form 1

**CIVIL SUMMONS**

Case #: **14-CI-03752**
Court: **CIRCUIT**
County: **FAYETTE**

---

*Plantiff*, **PADGETT, SHAUN**   **VS. DAUGHERTY, SAMANTHA** , ET AL, *Defendant*

TO:   **JOHN CLONTZ**
     **1713 NICHOLASVILLE ROAD**
     **LEXINGTON, KY 40503**

The Commonwealth of Kentucky to the above-named Defendant(s):

    You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

           /s/ Vincent Riggs, Fayette Circuit Clerk
           Date: **10/02/2014**

---

### Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

    To: _____

☐ Not Served because: _____

Date: _____, 20_____     _____
                                     Served By

                                      _____
                                      Title

Summons ID: @00000624134
CIRCUIT: 14-CI-03752 Certified Mail
PADGETT, SHAUN   VS. DAUGHERTY, SAMANTHA , ET AL

Presiding Judge: HON. ERNESTO M. SCORSONE (622298)

SUMCS : 000001 of 000001

*eFiled*



FAYETTE

# CI   14-CI-03752

PADGETT, SHAUN VS. DAUGHERTY,
, ET AL

**COMPLAINT**

eFiled: 10/2/2014 ID: 2302
  By: STEPHEN WESLEY LONG
Pages total: 16     Image size: 0.14 MB

**FILED / ENTERED**
10/2/2014
FAYETTE
Vincent Riggs, Fayette Circuit Clerk
BY: _____ D.C.

Case Number: 14-CI-03752



1   2   3

4   5   6

7   8   9

9 of 16 thumbnails shown



Filed          14-CI-03752    10/02/2014          Vincent Riggs, Fayette Circuit Clerk

NO. 14-CI-3752

FAYETTE CIRCUIT COURT
DIVISION 7th          (  )
JUDGE  Scorsone

**SHAUN PADGETT**
212 NORTH WOODLYNNE AVENUE
TAMPA, FL 33609

**PLAINTIFF**

*v.*

**COMPLAINT**

**SAMANTHA DAUGHERTY**
131 TANGLEWOOD TRAIL
RICHMOND, KY 40475
     **SERVE BY CERTIFIED MAIL,**

**JENNIFER PELFREY**
629 ESTRELLA LANE
LEXINGTON, KY 40511
     **SERVE BY CERTIFIED MAIL,**

**DEANA GREENE**
1713 NICHOLASVILLE RD.
LEXINGTON, KY 40503
     **SERVE BY CERTIFIED MAIL,**

**BILLY BAKER**
913 ARTISAN PARKWAY
LAGRANGE, KY 40031
     **SERVE BY CERTFIED MAIL,**

**JOHN DOES 1-10, AND**

**JANE DOES 1-10, AND**

**ADVANCED CARE CENTER, INC.**
151 NORTH EAGLE CREEK
SUITE 410
LEXINGTON, KY 40509
     **SERVE BY CERTIFIED MAIL:**
     JOHN CLONTZ, REGISTERED AGENT
     1713 NICHOLASVILLE RD.
     LEXINGTON, KY 40503

**DEFENDANTS**

Presiding Judge: HON. ERNESTO M. SCORSONE (622298)

COM : 000001 of 000016

Filed          14-CI-03752    10/02/2014          Vincent Riggs, Fayette Circuit Clerk

Filed            14-CI-03752    10/02/2014          Vincent Riggs, Fayette Circuit Clerk

\* \* \* \* \* \* \* \* \* \*

Now comes the Plaintiff, Shaun Padgett (the "Plaintiff"), by counsel and, for this, his complaint against the Defendants, states as follows:

### NATURE OF ACTION

1.   This action relates to certain investments by the Plaintiff to acquire ownership of all of the outstanding securities in the Defendant entity, Advanced Care Centers, Inc  LLC, or delivered to one or more of the Defendants, Samantha Daugherty, Jennifer Pelfrey, Billy Baker, or someone acting on their behalf, for investments with an expectation of returns and anticipated purchase of securities and the rights of the Plaintiff to the securities issued or promised to be issued and/or the rights to repayment under contract.  Subsequent to the investment by Plaintiff of substantial sums of cash, securities and/or assets belonging to the Defendants for which the Plaintiff acquired or was entitled to acquire an ownership interest, were transferred, secreted, squandered, lost or misused resulting in the failure or refusal on the part of the Defendants to deliver to the Plaintiffs and/or pay amounts due to the Plaintiff or on whose behalf such payments would have resulted in the intended benefit to Plaintiff.

2.   This action relates to the sale of securities, the implied rights of holders of securities, the constructive rights of the Plaintiff who paid money with the expectation of receipt of securities, regardless of the failure or refusal of the Defendants to deliver such securities and the conduct of the Defendants, acting to the detriment of the Plaintiff as well as conversion of assets and tortuous interference with contractual advantage.

3.   As a result of the wrongdoing of the Defendants and the nature of such acts, this action relates to additional claims for (i) violation of 18 U.S.C. § 1962(c) of the Racketeer Influenced and Corrupt Organizations Act ("RICO") (18 U.S.C. §§ 1961 *et seq.*); (ii) fraud in the inducement and common-law fraud;

Presiding Judge: HON. ERNESTO M. SCORSONE (622298)

COM : 000002 of 000016

Filed            14-CI-03752    10/02/2014          Vincent Riggs, Fayette Circuit Clerk

and (iii) breach of fiduciary duty resulting from various schemes and actions/omissions on the part of the Defendants, all of which support claims for exemplary and/or punitive damage awards.

## PARTIES

4.    Shaun Padgett ("Plaintiff") is a resident of Tampa, Florida.

5.    Samantha Daugherty ("Daugherty"), is, on information and belief, a resident of Richmond, KY.

6.    Jennifer Pelfrey ("Pelfrey"), is, on information and belief, a resident of Lexington, KY.

7.    Deana Greene ("Greene"), is, on information and belief, a resident of Lexington, KY.  For purposes of this Complaint, Daugherty and Pelfrey and Greene are collectively referred to as the "Sellers").

8.    Billy Baker ("Baker"), is, on information and belief, a resident of Lagrange, KY.

9.    John Does 1-5 and Jane Does 1-5, are possibly owners, managers, directors and/or officers of entities controlled by or affiliated with the Sellers and referred to collectively as the "Unknown Sellers").

10.   John Does 6-10 and Jane Does 6-10 are professionals in the legal, accounting, brokerage and securities professions who may or may not hold required licenses for their conduct but served as advisors, accountants, attorneys, agents, representatives and/or affiliates of the Sellers and/or Unknown Sellers and are referred to collectively as the "Unknown Representatives").

11.   Advanced Care Centers Inc. ("ACCI") was a corporation formed under the laws of the Commonwealth of Kentucky and, at all times pertinent, owned by Samantha Daugherty and/or Jennifer Pelfrey and/or Greene and/or one or more of the Unknown Sellers.  ACCI was formed by Samantha Daugherty and/or Jennifer Pelfrey and/or one or more of the Unknown Sellers for the purpose of owning and operating certain income producing assets including but not

Presiding Judge: HON. ERNESTO M. SCORSONE (622298)

COM : 000003 of 000016

limited to one or more pain management clinics and/or weight management clinics. ACCI is presently administratively dissolved by the Commonwealth of Kentucky but could be restored to good standing with competent management.

12.     Daugherty and Pelfrey and Greene (or one or more of them) have also done business as Compliance Advantage, LLC, Reliable Lab, APC enterprises, LLC and may do business in affiliation with John Clontz and others unknown to the Plaintiff, all of which entities are referred to as the "Affiliated Parties."

**JURISDICTION**

13.     Plaintiff is a resident of the State of Florida but both of the Sellers and, on information and belief, the Unknown Sellers are residents of and transact in the Commonwealth of Kentucky.

14.     ACCI did business in, accepted funds in and was an entity organized under the laws of the Commonwealth of Kentucky.

15.     This Court further has personal jurisdiction over Defendants because the payments from the Plaintiff to one or more of the Defendants which form the basis of this litigation occurred in Lexington, Fayette County, Kentucky

16.     This Court will have, after service of process, *in personam* jurisdiction over Defendants.

17.     This Court has jurisdiction where the amounts claimed are in excess of $5,000, being therefore, in excess of the minimum jurisdictional thresholds of this Court.

18.     The Court has subject matter jurisdiction of this action as to the contractual claims including breach of contract and implied contract and claims for injuries as a result of tortuous acts including breach of trust and fiduciary relationship and fraud and other claims asserted by Plaintiff and a substantial part of the events and acts giving rise to the violations complained of herein occurred in

Presiding Judge: HON. ERNESTO M. SCORSONE (622298)

COM : 000004 of 000016

Filed                14-CI-03752    10/02/2014         Vincent Riggs, Fayette Circuit Clerk

this jurisdiction where one or more of the Defendants is otherwise subject to the personal jurisdiction of this Court.

## FACTS

19.     ACCI was formed by Sellers and/or Unknown Sellers, on advice by Unknown Representatives, to be in the business of acquiring, owning and operating certain health care service providers and/or health care clinics (each or any, a "Clinic") including those operated under the name and titled held by ACCI, the (the "ACCI Clinics").

20.     Plaintiff invested certain amounts to acquire the ACCI Clinics with the understanding that the ACCI Clinics would be owned by ACCI and Plaintiff would own one hundred percent (100%) of the equity securities of ACCI.

21.     Plaintiff paid $150,000 to the Sellers and $50,000 to Baker to acquire such securities.

22.     Plaintiff did not receive any securities offering documents titled as such but did receive financial information proposed or prepared by the Sellers, Unknown Sellers and/or the Unknown Representatives and forwarded to Plaintiff by Baker who was, on information and belief, acting as a broker dealer or securities representative although not licensed for this capacity.

23.     At all times, Daugherty and Pelfrey and Baker, individually and/or acting in concert with Unknown Sellers and Unknown Representatives, represented that the funds from the Plaintiff would be used to acquire the ACCI Clinics and acquire the securities of ACCI and, following acquisition, the ownership, management and benefit from the ACCI Clinics would inure to the benefit of the Plaintiff.

24.     The investments of cash for equity by Plaintiff (collectively, the "Investments") represented the funds to acquire ACCI and own and manage and develop the business of the ACCI Clinics.  The Investments were comprised of money personally invested by the Plaintiff.

Presiding Judge: HON. ERNESTO M. SCORSONE (622298)

COM : 000005 of 000016

**Filed**          14-CI-03752    10/02/2014          Vincent Riggs, Fayette Circuit Clerk

25. The Investments were based upon and in direct reliance upon the representations and understanding and agreements that the Plaintiff would receive equity securities representing one hundred percent ownership of ACCI from the Sellers and/or Unknown Sellers.

26. At all times pertinent, the Plaintiff and the Defendants understood and agreed that the Investments were based upon and in reliance of an expectation that the Plaintiff was acquiring an interest in ACCI which would be represented by securities to be issued by ACCI.

27. Despite repeated requests Daugherty and Pelfrey and Baker, individually and/or acting in concert with Unknown Sellers and Unknown Representatives, have refused to deliver securities to evidence the ownership of ACCI by Plaintiff or set up a suitable rescission arrangement.

28. During all times, Daugherty and Pelfrey and Baker, individually and/or acting in concert with Unknown Sellers and Unknown Representatives, were empowered to control and did in fact control ACCI which control included the ability to govern the operations of the entity and govern the distributions including repayments on equity and govern the issuance of equity securities to evidence the ownership of the entity.

29. ACCI was not constrained by any corporate governance agreement or obligation which control was relied upon by Plaintiff in delivering the Investments in anticipation of the acquisitions contemplated by him.

30. Despite repeated requests, ACCI and Daugherty have refused to set up a suitable arrangement for the delivery of securities to evidence the ownership of ACCI to Plaintiff.

31. Daugherty and Pelfrey and Baker, individually and/or acting in concert with Unknown Sellers and Unknown Representatives, refused to pay amounts to Plaintiff representing his entitlement as an equity holder, instead diverting from such payments amounts for other purposes, both business and personal

Presiding Judge: HON. ERNESTO M. SCORSONE (622298)

COMI : 000006 of 000016

Filed          14-CI-03752   10/02/2014          Vincent Riggs, Fayette Circuit Clerk

including but not limited to diverting all or part to one or more of the Affiliated Parties.

32.   On information and belief, Daugherty and Pelfrey and Baker, individually and/or acting in concert with Unknown Sellers and Unknown Representatives, may have diverted funds including but not limited to the Investments, to Affiliated Parties.

33.   Without cause or justification, Daugherty and Pelfrey and Baker, individually and/or acting in concert with Unknown Sellers and Unknown Representatives, terminated the Plaintiff's relationship with ACCI therefore depriving Plaintiff of a means of recouping his Investments.

34.   Nothing in any securities offering document given to the Plaintiff granted discretion to Daugherty and/or Pelfrey and/or Baker, individually and/or acting in concert with Unknown Sellers and Unknown Representatives, to conduct themselves in such improper manner or advised of the risk that they would act in this manner to the detriment of the Plaintiff.

35.   The sale of securities involves duties of good faith and fiduciary obligations all of which are incumbent upon Daugherty and/or Pelfrey and/or Baker, individually and/or acting in concert with Unknown Sellers and Unknown Representatives.

36.   Upon delivery of the Investments to Daugherty and/or Pelfrey and/or Baker, individually and/or acting in concert with Unknown Sellers and Unknown Representatives, one or more of the Defendants held and had title and control and possession of money entrusted to them to the detriment of the Plaintiff.

## COUNT I
### BREACH OF CONTRACT

37.   Plaintiff re-alleges and incorporates by reference, paragraphs 1 through 36 above.

38.   Daugherty and/or Pelfrey and/or Baker, individually and/or acting in concert with Unknown Sellers and Unknown Representatives sold securities in the

Presiding Judge: HON. ERNESTO M. SCORSONE (622298)

COM : 000007 of 000016

form of equity instruments to Plaintiff which securities were to be issued pursuant to contractual obligations set forth in subscription agreements and/or payments made in reliance on investment documentation.

39.  Daugherty and/or Pelfrey and/or Baker, individually and/or acting in concert with Unknown Sellers and Unknown Representatives have refused to turn over the securities or the subscription agreements, deliberately withholding such documents in contravention of the obligations under the subscription agreements (or implied contracts to sell securities) to timely deliver such securities.

40.  The securities contained additional contractual rights in favor of Plaintiff, which were further breached by the actions complained hereinabove but Plaintiff was unable to make any claim in contract as the securities had been withheld and therefore the Investments were rendered worthless by such breaches.

41.  Plaintiff has demanded that Daugherty and/or Pelfrey and/or Baker, individually and/or acting in concert with Unknown Sellers and Unknown Representatives fulfill their obligations under the agreements.

42.  Plaintiff has attempted, by peaceful means, to acquire control over the assets of ACCI only to be refused access by Daugherty and/or Pelfrey and/or Baker, individually and/or acting in concert with Unknown Sellers and Unknown Representatives.

43.  Plaintiff is aware that funds belonging to ACCI have be taken from ACCI without authorization or justification or accounting and therefore the contractual obligations of Daugherty and/or Pelfrey and/or Baker, individually and/or acting in concert with Unknown Sellers and Unknown Representatives, as officers, directors and/or managers of ACCI have been breached.

44.  The willful failure and refusal to turn over such securities by Daugherty and/or Pelfrey and/or Baker, individually and/or acting in concert with Unknown Sellers and Unknown Representatives, was intended to deprive Plaintiff of his

ability to receive income in such amount as proven by the record, and, as a direct and proximate result of such breach, Plaintiff has suffered damages, including without limitation, the financial loss of $200,000.

## COUNT II
## CONVERSION

45.   Plaintiff re-alleges and incorporates by reference, paragraphs 1 through 44 above.

46.   The Investments and the securities representing ownership of ACCI including but not limited to the ACCI Clinics and contractual rights relating to the ACCI Clinics were converted by Daugherty and/or Pelfrey and/or Baker, individually and/or acting in concert with Unknown Sellers and Unknown Representatives, resulting in the diminution of value of ACCI.

47.   The Investments are assets which were previously owned by the Plaintiff but, as a result of Defendants' material misrepresentations, the Plaintiff entrusted the Investments to Daugherty and/or Pelfrey and/or Baker, individually and/or acting in concert with Unknown Sellers and Unknown Representatives, who intentionally exercised dominion and control over those specific sums of money in a manner inconsistent with the Plaintiff's ownership rights, thereby interfering with Plaintiff's possession and right of enjoyment, the holding of which by one or more of the Defendants constitutes a conversion.

48.   Plaintiff is entitled to relief confirming that he was entitled to claim the securities which were to be issued to Plaintiff but these securities were converted by one or more of the Defendants.

49.   Plaintiff is entitled to the Investments.

50.   To the extent such funds were diverted to any of the Affiliated Parties, it was with knowledge of the improper conduct and therefore remains the property of the Plaintiff.

51.   Plaintiff has demanded that Defendants return the entrusted sums of money, and Defendants have refused.

Presiding Judge: HON. ERNESTO M. SCORSONE (622298)

COM : 000009 of 000016

52. As a result of Defendants' conversion, the Plaintiff has incurred substantial damages to which he is entitled to recover from Defendants in an amount to be determined by the evidence, but in excess of the jurisdictional limits of this Court.

53. As Defendants have refused to deliver or return the securities to Plaintiff and/or return the Investments, Plaintiff is entitled to judgment for the fair market value of the securities converted being $1,000,000.

### COUNT III
### UNJUST ENRICHMENT

54. Plaintiff re-alleges and incorporates by reference, paragraphs 1 through 53 above.

55. One or more of the Defendants has received the Investments and held the securities, possibly selling same and receiving the proceeds from such securities.

56. Having failed to make proper disposition for sums of money received, one or more of the Defendants have been unjustly enriched in an amount to be determined by the evidence, but in excess of the jurisdictional limits of this Court.

### COUNT IV
### TORTUOUS INTERFERENCE WITH CONTRACTUAL ADVANTAGE

57. Plaintiff re-alleges and incorporates by reference, paragraphs 1 through 56 above.

58. One or more of the Defendants terminated the relationship with the Plaintiff eliminating the source of income of the ACCI Clinics owned by ACCI being sold to the Plaintiff.

59. As a direct and proximate result of the termination of the relationship by one or more of the Defendants, Plaintiff lost the value of his contractual relationships with the ACCI Clinics.

60. Such actions were interference with the contracts held by the Plaintiff.

61. Such actions may have been in concert with one or more of the Affiliated Parties, acting not as bona fide purchasers, but intending to assist in the torts complained of herein.

62. The termination resulted in a diminution of value of ACCI which diminution was a direct and proximate result of the tortuous acts of one or more of the Defendants.

63. As a direct and proximate result of the efforts of one or more of the Defendants to interrupt the contractual advantages held by the Plaintiff, the Plaintiff lost the value of his bargains to be determined by the evidence, but in excess of the jurisdictional limits of this Court.

### COUNT IV
### BREACH OF FIDUCIARY DUTY

64. Plaintiff re-alleges and incorporates by reference, paragraphs 1 through 63

65. One or more of the Defendants received funds which were entrusted to, Daugherty and/or Pelfrey and/or Baker, individually and/or acting in concert with Unknown Sellers and Unknown Representatives, but did not act in a manner consistent with the fiduciary obligations of one holding funds belonging to another, resulting in loss or waste.

66. Daugherty and/or Pelfrey and/or Baker, individually and/or acting in concert with Unknown Sellers and Unknown Representatives, owed to the Plaintiff, a fiduciary duty to act with the utmost good faith and loyalty to him.

67. Daugherty and/or Pelfrey and/or Baker, individually and/or acting in concert with Unknown Sellers and Unknown Representatives, failed to take appropriate actions to preserve the value of the Plaintiff's funds and/or investments and/or securities which actions were their responsibility and therefore, the misuse or non-use of such funds and/or securities was in breach of a duty owed to Plaintiff.

68. The above-described actions of Daugherty and/or Pelfrey and/or Baker, individually and/or acting in concert with Unknown Sellers and Unknown

Presiding Judge: HON. ERNESTO M. SCORSONE (622298)

COM : 000011 of 000016

Representatives, (i) were undertaken to benefit one or more of them personally; (ii) constitute self-dealing; (iii) served no valid business purpose; and (iv) were not carried out in the best interests of the Plaintiff.

69.    The above-described actions of Daugherty and/or Pelfrey and/or Baker, individually and/or acting in concert with Unknown Sellers and Unknown Representatives, constitute willful misconduct or wanton or reckless disregard for the best interests of the Plaintiff.

70.    Plaintiff was damaged by breaches of fiduciary duties by Daugherty and/or Pelfrey and/or Baker, individually and/or acting in concert with Unknown Sellers and Unknown Representatives, to be determined by the evidence, but in excess of the jurisdictional limits of this Court.

### COUNT VI
### FRAUD IN THE INDUCEMENT

71.    Plaintiff re-alleges and incorporates by reference paragraphs 1 through 70 above.

72.    Daugherty and/or Pelfrey and/or Baker, individually and/or acting in concert with Unknown Sellers and Unknown Representatives, fraudulently induced Plaintiff to make the Investments in anticipation of delivery and ownership of securities and the benefits inuring thereto with the false statement that such securities would be delivered.

73.    Plaintiff relied on promises to deliver such securities representing the Investments made by Daugherty and/or Pelfrey and/or Baker, individually and/or acting in concert with Unknown Sellers and Unknown Representatives, and, at the time of making such statements, Daugherty and/or Pelfrey and/or Baker, individually and/or acting in concert with Unknown Sellers and Unknown Representatives, knew same were false and that Plaintiff would rely on same to Plaintiff's detriment. Subsequently, Daugherty and/or Pelfrey and/or Baker, individually and/or acting in concert with Unknown Sellers and Unknown Representatives, benefited.

Presiding Judge: HON. ERNESTO M. SCORSONE (622298)

COM : 000012 of 000016

74.   As a result of fraudulent inducement by Daugherty and/or Pelfrey and/or Baker, individually and/or acting in concert with Unknown Sellers and Unknown Representatives,, Plaintiff has lost funds expended. Therefore, as a direct consequence of this transaction, Plaintiff suffered damages including without limitation, financial losses.

75.   Daugherty and/or Pelfrey and/or Baker, individually and/or acting in concert with Unknown Sellers and Unknown Representatives, had actual knowledge of the agreement having negotiated the terms of the agreement with the Plaintiff and had actual knowledge that Plaintiff would and did in fact rely on such agreement when agreeing to deliver the funds representing the Investments, to his detriment.

76.   Daugherty and/or Pelfrey and/or Baker, individually and/or acting in concert with Unknown Sellers and Unknown Representatives, intentionally misrepresented, concealed and/or failed to act in contravention of a duty to act on behalf of Plaintiff.

77.   Daugherty and/or Pelfrey and/or Baker, individually and/or acting in concert with Unknown Sellers and Unknown Representatives, stood to gain and, with actual knowledge of same, did, in fact, profit as a direct result of such misrepresentation and/or failure to adhere to the terms of the agreement to deliver the securities.

78.   Daugherty and/or Pelfrey and/or Baker, individually and/or acting in concert with Unknown Sellers and Unknown Representatives, did act with oppression, fraud, or malice.

79.   Plaintiff has suffered injuries as a direct and proximate result of such actions of Daugherty and/or Pelfrey and/or Baker, individually and/or acting in concert with Unknown Sellers and Unknown Representatives, and is therefore entitled to such punitive and/or exemplary damages as are supported by the record.

### COUNT VIII
### VIOLATION OF RICO

Presiding Judge: HON. ERNESTO M. SCORSONE (622298)

COM : 000013 of 000016

Filed                    14-CI-03752    10/02/2014              Vincent Riggs, Fayette Circuit Clerk

80.   Plaintiff re-alleges and incorporates by reference paragraphs 1 through 79 above.

81.   The above actions constitute schemes executed by use of the United States mail and via interstate phone calls and Daugherty and/or Pelfrey and/or Baker, individually and/or acting in concert with Unknown Sellers and Unknown Representatives, conducted the above described schemes across state lines which affected interstate commerce.

82.   The actions of Daugherty and/or Pelfrey and/or Baker, individually and/or acting in concert with Unknown Sellers and Unknown Representatives, which are continuing, constitute mail and/or wire fraud and involve a pattern of racketeering activity and predicate acts, via an enterprise, as contemplated by 18 U.S.C. § 1962(c) and Daugherty and/or Pelfrey and/or Baker, individually and/or acting in concert with Unknown Sellers and Unknown Representatives, conducted or participated in the affairs of ACCI through a pattern of racketeering activity.

83.   As a proximate result of such fraudulent schemes on the part of Daugherty and/or Pelfrey and/or Baker, individually and/or acting in concert with Unknown Sellers and Unknown Representatives,, Plaintiff has suffered loss of money and/or property.

84.   The foregoing constitutes a willful violation of the RICO Act, 18 U.S.C. §§ 1964 and 1962(c). Plaintiff has been injured thereby.

85.   Any RICO violation damages awarded should be trebled.

WHEREFORE, Plaintiff respectfully prays for award against each and all of the Defendants, of the following:

1.    That this Honorable Court award him a judgment, for money damages, in an amount which will fairly and reasonably compensate Plaintiff for his actual losses as a result of Defendants' actions as follows:

Presiding Judge: HON. ERNESTO M. SCORSONE (622298)

COM : 000014 of 000016

a.  His actual damages as proven by the record in an amount necessary for the full replacement of his losses, including but not limited to the Investments and the diminution of value of the securities in such amounts as are proven by the record but, in the absence thereof, for $250,000.

b.  His consequential damages as proven by the record in an amount necessary for injuries resulting therefrom including but not limited to the value of business lost from the value of the ACCI Clinics if subsequently sold, in such amounts as are proven by the record but, in the absence thereof, for $750,000.

c.  His damages for Defendants' breach of fiduciary duty, breach of contract, conversion and fraud in such amounts as are proven by the record but, in the absence thereof, for $1,000,000.

d.  His damages for Defendants' actions in violation of RICO in such amounts as are proven by the record but, in the absence thereof, for $1,000,000.

2.  That this Honorable Court award him a judgment, to the extent that the Defendants are shown to have acted with oppression, fraud or malice, for punitive and exemplary damages, in an amount which this Honorable Court deems fair and reasonable in light of Defendants' actions.

3.  That this Honorable Court award Plaintiff with a judgment declaring him to own the securities issued by ACCI and therefore entitled to ownership of the assets of ACCI including but not limited to the ACCI Clinics, and the rents, profits, proceeds and avails.

4.  That this Honorable Court award him, his costs herein expended, including a reasonable attorney's fee as the law may allow.

5.  That Plaintiff be awarded any and all other relief to which Plaintiff may appear entitled.

Respectfully submitted,

Presiding Judge: HON. ERNESTO M. SCORSONE (622298)

COM : 000015 of 000016

/s/  Stephen W. Long
Stephen W. Long
POB 462
Crestwood, KY 40014
(502) 419-2210

Presiding Judge: HON. ERNESTO M. SCORSONE (622298)

COM : 000016 of 000016

14/3752

| 2. Article Number | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| 7196 9008 9115 6042 0194 | A. Received by (Please Print Clearly)  Candice Blackwell   B. Date of Delivery 10/6/14 |
| 3. Service Type  **CERTIFIED MAIL**™ | C. Signature  X  CBBlackwell   ☐ Agent  ☐ Addressee |
| 4. Restricted Delivery? *(Extra Fee)*   ☐ Yes | D. Is delivery address different from item 1?   ☐ Yes  If YES, enter delivery address below:   ☐ No |

1. Article Addressed to:

JOHN CLOSTE
1713 NICHOLASVILLE ROAD
LEXINGTON, KY 40503

14-CI-3752

Advance Care Center INC

PS Form 3811, January 2005                    Domestic Return Receipt



FILED
ATTEST, VINCENT RIGGS, CLERK

OCT 0 7 2014

FAYETTE CIRCUIT CLERK
BY _____ D.C.

FAYETTE

# CI    14-CI-03752

PADGETT, SHAUN VS. DAUGHERTY,
, ET AL

**Summons**

eFiled: 10/2/2014 ID: 2302
  By: STEPHEN WESLEY LONG
Pages total: 1    Image size: 0.26 MB

**FILED / ENTERED**
10/2/2014
FAYETTE
Vincent Riggs, Fayette Circuit Clerk
BY _____ D.C.

Case Number: 14-CI-03752





CIVIL SUMMONS

TO: SAMANTHA DAUGHERTY
131 TANGLEWOOD TRAIL
RICHMOND, KY 40475

US Postal Service®
**Certified Mail Receipt**
Domestic Mail Only
No Insurance
Coverage Provided

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark
Here

Sent To:
SAMANTHA DAUGHERTY
131 TANGLEWOOD TRAIL
RICHMOND, KY 40475
14-CI-3752

RESTRICTED DELIVERY

PS Form 3800, January 2005    US Postal Service®

Certified Mail™ Receipt

| AOC-E-105      Sum Code: CI<br>Rev. 9-14<br><br>Commonwealth of Kentucky<br>Court of Justice    Courts.ky.gov<br><br>CR 4.02; Cr Official Form 1 | <br>**CIVIL SUMMONS** | Case #: **14-CI-03752**<br>Court:   **CIRCUIT**<br>County: **FAYETTE** |
| --- | --- | --- |

*Plantiff,* **PADGETT, SHAUN   VS. DAUGHERTY, SAMANTHA   , ET AL,** *Defendant*

TO:   **SAMANTHA DAUGHERTY**
       **131 TANGLEWOOD TRAIL**
       **RICHMOND, KY 40475**

The Commonwealth of Kentucky to the above-named Defendant(s):

    You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

                                        /s/ Vincent Riggs, Fayette Circuit Clerk
                                        Date: **10/02/2014**

---

### Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

    To: _____

☐ Not Served because: _____

    _____

    Date: _____, 20_____

                                        _____
                                                        Served By

                                        _____
                                                        Title

---

Summons ID: @00000624130
CIRCUIT: 14-CI-03752 Certified Mail
PADGETT, SHAUN   VS. DAUGHERTY, SAMANTHA   , ET AL



Page 1 of 1

*eFiled*

Presiding Judge: HON. ERNESTO M. SCORSONE (622298)

SUMMCS : 000001 of 000001

FAYETTE

# CI   14-CI-03752
PADGETT, SHAUN VS. DAUGHERTY,
, ET AL

**Summons**

eFiled: 10/2/2014 ID: 2302
  By: STEPHEN WESLEY LONG
Pages total: 1    Image size: 0.26 MB

**FILED / ENTERED**
10/2/2014
FAYETTE
Vincent Riggs, Fayette Circuit Clerk
BY: _____ D.C.

Case Number: 14-CI-03752



CIVIL SUMMONS

Case # 14-CI-03752
Court: CIRCUIT
County: FAYETTE

Plaintiff: PADGETT, SHAUN   VS DAUGHERTY, SAMANTHA   ET AL Defendant

TO:  JENNIFER PELFREY
     629 ESTRELLA LANE
     LEXINGTON, KY 40511

1

eFiled

US Postal Service
Certified Mail Receipt
Domestic Mail Only; No Insurance Coverage Provided

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark Here

Sent To:
JENNIFER PELFREY
629 ESTRELLA LANE
LEXINGTON, KY 40511
14-CI-3752

RESTRICTED
DELIVERY

PS Form 3800, January 2005    US Postal Service®    Certified Mail™ Receipt

7196 9008 9115 6042 0143

2

AOC-E-105          Sum Code: CI
Rev. 9-14

Commonwealth of Kentucky
Court of Justice     Courts.ky.gov

CR 4.02; Cr Official Form 1



**CIVIL SUMMONS**

Case #: **14-CI-03752**
Court:  **CIRCUIT**
County: **FAYETTE**

*Plaintiff,* **PADGETT, SHAUN   VS. DAUGHERTY, SAMANTHA   , ET AL**, *Defendant*

TO:   **JENNIFER PELFREY**
      **629 ESTRELLA LANE**
      **LEXINGTON, KY 40511**

The Commonwealth of Kentucky to the above-named Defendant(s):

   You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

                                        /s/ Vincent Riggs, Fayette Circuit Clerk
                                        Date: **10/02/2014**

---

### Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

   To: _____

☐ Not Served because: _____

Date: _____, 20_____        _____
                                                       Served By
                                           _____
                                                         Title

Summons ID: @00000624131
CIRCUIT: 14-CI-03752 Certified Mail
PADGETT, SHAUN   VS. DAUGHERTY, SAMANTHA   , ET AL



Page 1 of 1

*eFiled*

Presiding Judge: HON. ERNESTO M. SCORSONE (622298)

SUMCS : 000001 of 000001

FAYETTE

**CI   14-CI-03752**

PADGETT, SHAUN VS. DAUGHERTY,
, ET AL

**Summons**

eFiled: 10/2/2014 ID: 2302
By: STEPHEN WESLEY LONG
Pages total: 1    Image size: 0.26 MB

**FILED / ENTERED**
10/2/2014
FAYETTE
Vincent Riggs, Fayette Circuit Clerk
BY: _____ D.C.

Case Number: 14-CI-03752

AOC-E-105    Sum Code: CI
Rev. 9-14

Commonwealth of Kentucky
Court of Justice    Courts.ky.gov

CR 4.02; CR Official Form 1

**CIVIL SUMMONS**

Case # 14-CI-03752
Court: **CIRCUIT**
County: **FAYETTE**

Plaintiff, PADGETT, SHAUN  VS. DAUGHERTY, SAMANTHA  ET AL  Defendant

TO: DEANA GREENE
1713 NICHOLASVILLE ROAD
LEXINGTON, KY 40503

The Commonwealth of Kentucky to the above-named Defendant(s)

You are hereby notified that a legal action has been filed against you in this Court demanding relief as shown on
the document delivered to you with this Summons. Unless a written defense is made by you or by an attorney
on your behalf within twenty (20) days following the day this paper is delivered to you, judgment by default may be
taken against you for the relief demanded in the attached complaint.

US Postal Service
**Certified Mail Receipt**
Domestic Mail Only
No Insurance
Coverage Provided

| Postage | $ | |
|---|---|---|
| Certified Fee | | |
| Return Receipt Fee (Endorsement Required) | | Postmark Here |
| Restricted Delivery Fee (Endorsement Required) | | |
| Total Postage & Fees | $ | |

Sent To: DEANA GREENE
1713 NICHOLASVILLE ROAD
LEXINGTON, KY 40503
14-CI-3752

**RESTRICTED DELIVERY**

PS Form 3800, January 2005

US Postal Service
Certified Mail Receipt

7196 9008 9116 6042 0170

1

nails shown

| AOC-E-105      Sum Code: CI |  | Case #: **14-CI-03752** |
|---|---|---|
| Rev. 9-14 | | Court: **CIRCUIT** |
| Commonwealth of Kentucky<br>Court of Justice      *Courts.ky.gov* | | County: **FAYETTE** |
| CR 4.02; Cr Official Form 1 | **CIVIL SUMMONS** | |

*Plaintiff,* **PADGETT, SHAUN** **VS. DAUGHERTY, SAMANTHA** **, ET AL,** *Defendant*

TO:  **DEANA GREENE**

    **1713 NICHOLASVILLE ROAD**

    **LEXINGTON, KY 40503**

The Commonwealth of Kentucky to the above-named Defendant(s):

    You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

                                      /s/ Vincent Riggs, Fayette Circuit Clerk

                                        Date: **10/02/2014**

---

### Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

    To: _____

☐ Not Served because: _____

Date: _____, 20_____           _____

                                          Served By

                                     _____

                                          Title

Presiding Judge: HON. ERNESTO M. SCORSONE (622298)

SUMCS : 000001 of 000001

Summons ID: @00000624132
CIRCUIT: 14-CI-03752 Certified Mail
PADGETT, SHAUN   VS. DAUGHERTY, SAMANTHA   , ET AL



**eFiled**

FAYETTE

# CI    14-CI-03752

PADGETT, SHAUN VS. DAUGHERTY,
, ET AL

**Summons**

eFiled: 10/2/2014 ID: 2302
By: STEPHEN WESLEY LONG
Pages total: 1     Image size: 0.26 MB

**FILED / ENTERED**
10/2/2014
FAYETTE
Vincent Riggs, Fayette Circuit Clerk
BY _____ D.C.

Case Number: 14-CI-03752

---

CIVIL SUMMONS

Case #: 14-CI-03752
Court: CIRCUIT
County: FAYETTE

Plaintiff: PADGETT, SHAUN  VS  DAUGHERTY, SAMANTHA , ET AL, Defendant

TO:  BILLY BAKER
     913 ARTISAN PARKWAY
     LA GRANGE, KY 40031

---

US Postal Service™
**Certified Mail™ Receipt**
Domestic Mail Only; No Insurance Coverage Provided

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark Here

Sent To:
BILLY BAKER
913 artisan parkway
La Grange, KY 40031
14-CI-3752

RESTRICTED DELIVERY

PS Form 3800, January 2005     US Postal Service®     Certified Mail™ Receipt

7196 9008 9115 6042 0187

AOC-E-105        Sum Code: CI
Rev. 9-14

Commonwealth of Kentucky
Court of Justice        *Courts.ky.gov*

CR 4.02; Cr Official Form 1



**CIVIL SUMMONS**

Case #: **14-CI-03752**
Court:  **CIRCUIT**
County: **FAYETTE**

---

*Plaintiff,* **PADGETT, SHAUN   VS. DAUGHERTY, SAMANTHA** *, ET AL, Defendant*

TO:  **BILLY BAKER**
     **913 ARTISAN PARKWAY**
     **LA GRANGE, KY 40031**

The Commonwealth of Kentucky to the above-named Defendant(s):

    You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

                                        /s/ Vincent Riggs, Fayette Circuit Clerk
                                        Date: **10/02/2014**

*Presiding Judge: HON. ERNESTO M. SCORSONE (622298)*

---

## Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

   To: _____

☐ Not Served because: _____

   Date: _____, 20 _____        _____
                                                        Served By

                                              _____
                                                           Title

---

Summons ID: @00000624133
CIRCUIT: 14-CI-03752 Certified Mail
PADGETT, SHAUN   VS. DAUGHERTY, SAMANTHA  , ET AL

*SUMICS : 000001 of 000001*



Page 1 of 1

**eFiled**

# County

# Random Judge Assignment Report

**Court:** | FAYETTE CIRCUIT COURT - CIVIL CASES

**Requestor:** MARYJ    **Reference/Case Number:** 14-CI-3752

**This Case has been Assigned to:** 7th   **Division**

Judge Ernesto Scorsone    622298

**Control Date/Time:** 10/03/2014  8:15:22AM

**Date Printed:** 10/03/2014     **Time Printed:** 8:14:33AM     **Page:** 1

Commonwealth of Kentucky
Fayette County
Vincent Riggs
Circuit Court Clerk

Receipt Number: 27-0006960-A
DATE: 10/03/2014
TIME: 08:17 AM

*** (Z) OTHER TYPE RECEIPT ***
CASE NO: 14-CI-03752
RECEIVED FROM: STEPHEN LONG
ACCOUNT OF: STEPHEN LONG
Party Name:

| | | |
|---|---|---|
| 1. | Civil Filing Fee (Q) | 115.00 |
| 2. | ATJ Fee (I) | 20.00 |
| 3. | Court Technology MCFO(K(CT)) | 10.00 |
| 4. | Library Fee (L) | 1.00 |
| 5. | Att Tax Fee MCFO(K(Q)) | 5.00 |
| 6. | Court Facilities Fee (J) | 25.00 |
| 7. | Postage/Cert. Mail MCFO(K(H)) | 60.85 |
| 8. | Copy-Photocopy CS(W(F)) | 9.00 |

TOTAL:                          $245.85

CREDIT CARD:                    $245.85

***DIFF:                          0.00

*** Credit Card Invoice #: 43872161

14-CI·3752

Prepared By: Web_Payment
** MCFO=Money Collected for Others
** CS=Charge for Services
Filing (KYCOURTS)                        Page 1 of 1





Vincent Riggs, Fayette Circuit Clerk

120 N. Limestone, Room D-157

Lexington, KY 40507-1152

DEANA GREENE
1713 NICHOLASVILLE ROAD
LEXINGTON, KY 40503





## KCOJ eFiling Cover Sheet

Case Number: 14-CI-03752

Envelope Number: 2302

Package Retrieval Number: 23029279@00000624132

Service by: Certified Mail

The attached documents were generated via the Kentucky Court of Justice eFiling system. For more information on eFiling, go to http://courts.ky.gov/efiling/Pages/default.aspx.

Package : 000001 of 000018

AOC-E-105      Sum Code: CI
Rev. 9-14

Commonwealth of Kentucky
Court of Justice     Courts.ky.gov

CR 4.02; Cr Official Form 1



**CIVIL SUMMONS**

Case #: **14-CI-03752**
Court:   **CIRCUIT**
County: **FAYETTE**

---

*Plaintiff,* **PADGETT, SHAUN   VS. DAUGHERTY, SAMANTHA   , ET AL,** *Defendant*

TO:   **DEANA GREENE**
**1713 NICHOLASVILLE ROAD**
**LEXINGTON, KY 40503**

The Commonwealth of Kentucky to the above-named Defendant(s):

You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

/s/ Vincent Riggs, Fayette Circuit Clerk
Date: **10/02/2014**

---

## Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

To: _____

☐ Not Served because: _____

Date: _____, 20_____          _____
                                                                    Served By

                                                         _____
                                                                    Title

Summons ID: 23029279@00000624132
CIRCUIT: 14-CI-03752 Certified Mail
PADGETT, SHAUN   VS. DAUGHERTY, SAMANTHA   , ET AL

Package : 000002 of 000018

       Page 1 of 1

*eFiled*

_Ck05cy_

_10-4-14_

RESTRICTED
DELIVERY

GS. CLERK
CUIT COURT
N
N STREET C103
KE UCKY 40507

ANK

CERTIFIED MAIL

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF RETURN ADDRESS FOLD AT DOTTED LINE

RETURN RECEIPT REQUESTED

7196 9008 9115 6042 0170

DEANA GREENE
NIXIE          405032009-1N          10/08/14
                RETURN TO SENDER
         ATTEMPTED - NOT KNOWN
              UNABLE TO FORWARD
                 RETURN TO SENDER

US POSTAGE >> PITNEY BOWES

ZIP 40507 $ 012.66
0001369262 OCT 03 2014



2. Article Number

7196 9008 9115 6042 0187

3. Service Type **CERTIFIED MAIL**™

4. Restricted Delivery? *(Extra Fee)*   ☑ Yes

1. Article Addressed to:

BILLY BAKER
913 artlaum parkway
La Grange, KY 40031

19-01-3752

14-01-3752

**COMPLETE THIS SECTION ON DELIVERY**

A. Received by (Please Print Clearly)   Billy Baker   B. Date of Delivery   10/6

C. Signature
X _____   ☐ Agent   ☑ Addressee

D. Is delivery address different from Item 1?   ☐ Yes
   If YES, enter delivery address below:   ☑ No

Domestic Return Receipt

PS Form 3811, January 2005



OCT 0 8 2014

Vincent Riggs, Fayette Circuit Clerk

120 N. Limestone, Room D-157

Lexington, KY 40507-1152



JENNIFER PELFREY
629 ESTRELLA LANE
LEXINGTON, KY 40511



### KCOJ eFiling Cover Sheet

Case Number: 14-CI-03752

Envelope Number: 2302

Package Retrieval Number: 23029278@00000624131

Service by: Certified Mail

The attached documents were generated via the Kentucky Court of Justice eFiling system. For more information on eFiling, go to http://courts.ky.gov/efiling/Pages/default.aspx.

Package : 000001 of 000018

Generated: 10/3/2014 8:16:57 AM

AOC-E-105        Sum Code: CI
Rev. 9-14

Commonwealth of Kentucky
Court of Justice      Courts.ky.gov

CR 4.02; Cr Official Form 1



**CIVIL SUMMONS**

Case #: **14-CI-03752**
Court:   **CIRCUIT**
County: **FAYETTE**

---

*Plaintiff,* **PADGETT, SHAUN   VS. DAUGHERTY, SAMANTHA  , ET AL,** *Defendant*

TO:   **JENNIFER PELFREY**
      **629 ESTRELLA LANE**
      **LEXINGTON, KY 40511**

The Commonwealth of Kentucky to the above-named Defendant(s):

    You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

                                        /s/ Vincent Riggs, Fayette Circuit Clerk
                                        Date: **10/02/2014**

---

### Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

   To: _____

☐ Not Served because: _____

Date: _____, 20 _____      _____
                                                 Served By
                                        _____
                                                 Title

Summons ID: 23029278@00000624131
CIRCUIT: 14-CI-03752 Certified Mail
PADGETT, SHAUN   VS. DAUGHERTY, SAMANTHA  , ET AL

      Page 1 of 1

**eFiled**

Package : 000002 of 000018

U.S. POSTAGE ⫸ PITNEY BOWES

ZIP 40507   $ 012.600
02 1W
0001388292 OCT 03 2014



RETURNED 10/03

CERTIFIED MAIL

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

7196 9008 9115 6042 0163
RETURN RECEIPT REQUESTED

UNDELIVERABLE AS ADDRESSED

☐ ATTEMPTED NOT KNOWN
☐ INSUFFICIENT ADDRESS
☐ NO MAIL RECEPTACLE
☐ REFUSED
☐ VACANT
☒ ILLEGIBLE
☐ UNCLAIMED
☐ TEMPORARILY AWAY
☐ NO SUCH NUMBER
☐ NO SUCH STREET
☐ NO DISPUTE
☐ IN DISPUTE
☐ BOX CLOSED - NO ORDER
☐ BOX CLOSED TO FORWARD
☐ MLNX - UNABLE TO FORWARD

RETURN
TO SENDER

GS, CLERK
CUT COURT
ON
ONE STREET C-103
KENTUCKY 40507

RESTRICTED
DELIVERY

COMMONWEALTH OF KENTUCKY
FAYETTE CIRCUIT COURT
CASE NO. 14-CI-3752



SHAUN PADGETT                                                                          PLAINTIFF

V.                          **ADVANCED CARE CENTER, INC.'S ANSWER**

SAMANTHA DAUGHERTY, JENNIFER PELFREY,
DEANNA GREENE, BILLY BAKER, JOHN DOES 1-10,
JANE DOES 1-10, and ADVANCED CARE CENTER, INC.                      DEFENDANT

* * * * * * * * *

Defendant Advanced Care Center, Inc. ("ACCI"), by counsel, for its Answer to Plaintiff's Complaint ("Complaint") states as follows:

### PRELIMINARY STATEMENT

ACCI is answering the averments of Plaintiff's Complaint on behalf of itself only, even when those averments refer to alleged conduct of some or all of the Defendants collectively. To the extent the averments of Plaintiff's Complaint do not pertain to ACCI, no response is required. ACCI incorporates this Preliminary Statement into each numbered paragraph of its Answer to Plaintiff's Complaint to the extent that it is appropriate.

### NATURE OF ACTION

1.     ACCI denies the averments in paragraph 1 of Plaintiff's Complaint.

2.     ACCI denies the averments in paragraph 2 of Plaintiff's Complaint.

3.     ACCI denies the averments in paragraph 3 of Plaintiff's Complaint

### PARTIES

4.     ACCI is without sufficient information to admit or deny the averments in paragraph 4 of Plaintiff's Complaint and, therefore, the averments are denied.

5.     ACCI is without sufficient information to admit or deny the averments in paragraph 5 of Plaintiff's Complaint and, therefore, the averments are denied.

6.     ACCI is without sufficient information to admit or deny the averments in paragraph 6 of Plaintiff's Complaint and, therefore, the averments are denied.

7.     ACCI is without sufficient information to admit or deny the averments in paragraph 7 of Plaintiff's Complaint and, therefore, the averments are denied.

8.     ACCI is without sufficient information to admit or deny the averments in paragraph 8 of Plaintiff's Complaint and, therefore, the averments are denied.

9.     ACCI is without sufficient information to admit or deny the averments in paragraph 9 of Plaintiff's Complaint and, therefore, the averments are denied.

10.    ACCI is without sufficient information to admit or deny the averments in paragraph 10 of Plaintiff's Complaint and, therefore, the averments are denied.

11.    With respect to the averments in paragraph 11 of Plaintiff's Complaint, ACCI admits that ACCI was incorporated as a professional services corporation under the laws of the Commonwealth of Kentucky by Jennifer Pelfrey, Deana Greene, and Samantha Daughtery.  As stated in ACCI's Articles of Incorporation, the profession to be practiced through the professional service corporation was: "medical office." ACCI admits that it is presently administratively dissolved by the Commonwealth of Kentucky. To the extent that any of the averments in paragraph 11 of Plaintiff's Complaint conflict with these statements, they are denied. All other averments in paragraph 11 of Plaintiff's Complaint are denied.

12.    With respect to the averments in paragraph 12 of Plaintiff's Complaint, ACCI states that it is unclear what the Plaintiff means by doing "business in affiliation." Plaintiff is, therefore, without sufficient information to admit or deny the averments in paragraph 12 of Plaintiff's Complaint and, therefore, the averments are denied.

## JURISDICTION

13.     ACCI is without sufficient information to admit or deny the averments in paragraph 13 of Plaintiff's Complaint and, therefore, the averments are denied.

14.     ACCI admits the averments in paragraph 14 of Plaintiff's Complaint.

15.     With respect to the averments in paragraph 15 of Plaintiff's Complaint, ACCI admits that the Court has personal jurisdiction over ACCI. ACCI denies any payments were made by the Plaintiff to ACCI. ACCI is without sufficient information to admit or deny the remaining averments in paragraph 15 of Plaintiff's Complaint and, therefore, the averments are denied.

16.     The averments in paragraph 16 of Plaintiff's Complaint are statements of law and, therefore, do not require a response from ACCI.

17.     ACCI admits that the Plaintiff has claimed in excess of $5,000 in damages in his Complaint. The remaining averments in paragraph 17 of Plaintiff's Complaint are statements of law and, therefore, do not require a response from ACCI.

18.     ACCI denies that the Court has subject matter jurisdiction over all claims asserted in Plaintiff's Complaint.

## FACTS

19.     With respect to the averments in paragraph 19 of Plaintiff's Complaint, ACCI admits that ACCI was incorporated as a professional services corporation under the laws of the Commonwealth of Kentucky by Jennifer Pelfrey, Deana Greene, and Samantha Daughtery. As stated in ACCI's Articles of Incorporation, the profession to be practiced through the professional service corporation was: "medical office." To the extent the averments in paragraph 19 of Plaintiff's Complaint conflict with these statements they are denied. All other averments in paragraph 19 of Plaintiff's Complaint are denied.

3

20.    ACCI denies the averments in paragraph 20 of Plaintiff's Complaint.

21.    ACCI is without sufficient information to admit or deny the averments in paragraph 21 of Plaintiff's Complaint and, therefore, the averments are denied.

22.    ACCI is without sufficient information to admit or deny the averments in paragraph 22 of Plaintiff's Complaint and, therefore, the averments are denied.

23.    The averments in paragraph 23 of Plaintiff's Complaint do not apply to ACCI and, therefore, no response from ACCI is required. To the extent a response is required, the averments are denied.

24.    ACCI denies the averments in paragraph 24 of Plaintiff's Complaint.

25.    With respect to the averments in paragraph 25 of Plaintiff's Complaint, ACCI denies that it represented, understood, or agreed that Plaintiff would receive equity securities representing one hundred percent ownership of ACCI. To the extent the averments in paragraph 25 of Plaintiff's Complaint are directed at the representations, understandings, and agreements of any other person or entity, no response from ACCI is required. To the extent that a response is required, the averments are denied. All other averments in paragraph 25 of Plaintiff's Complaint are denied.

26.    ACCI denies the averments in paragraph 26 of Plaintiff's Complaint.

27.    With respect to the averments in paragraph 27 of Plaintiff's Complaint, ACCI states that Plaintiff is not entitled to ownership of ACCI nor is Plaintiff entitled to delivery of securities to evidence said ownership, which does not exist. ACCI is without sufficient information to admit or deny the averments in paragraph 27 of Plaintiff's Complaint related to requests by Plaintiff made to Daugherty, Pelfrey, and Baker, individually and/or acting in concert

with Unknown Sellers[1] and Unknown Representatives and, therefore, the averments are denied. All remaining averments in paragraph 27 of Plaintiff's Complaint are denied.

28.     ACCI denies the averments in paragraph 28 of Plaintiff's Complaint.

29.     With respect to the averments in paragraph 29 of Plaintiff's Complaint, ACCI is unclear what Plaintiff means by "ACCI was not constrained by any corporate governance agreement or obligation which control was relied upon by Plaintiff." ACCI states that it is governed by the Articles of Incorporation filed with the Kentucky Office of the Secretary of State. To the extent the averments in paragraph 29 of Plaintiff's Complaint conflict with these statements they are denied. All other averments in paragraph 29 if Plaintiff's Complaint are denied.

30.     With respect to the averments in paragraph 30 of Plaintiff's Complaint, ACCI states that Plaintiff is not entitled to ownership of ACCI or to delivery of securities to evidence said ownership, which does not exist. All remaining averments in paragraph 30 of Plaintiff's Complaint are denied.

31.     With respect to the averments in paragraph 31 of Plaintiff's Complaint, ACCI states that Plaintiff is not an equity holder of ACCI nor is the Plaintiff entitled to payments as a result of said status, which he Plaintiff does not hold. The remaining averments in paragraph 31 of Plaintiff's Complaint do not apply to ACCI and, therefore, no response from ACCI is required. To the extent a response is required the averments are denied.

32.     The averments in paragraph 32 of Plaintiff's Complaint do not apply to ACCI and, therefore, no response from ACCI is required. To the extent a response is required the averments are denied.

---

[1] Unless otherwise defined herein, capitalized terms shall have the same meaning attributed in the Plaintiff's Complaint.

33.     With respect to the averments in paragraph 33 of Plaintiff's Compliant, ACCI denies that the Plaintiff had a "relationship" with ACCI. The remaining averments in paragraph 33 of Plaintiff's Complaint do not apply to ACCI and, therefore, no response from ACCI is required. To the extent a response is required the averments are denied.

34.     ACCI is without sufficient information to admit or deny the averments in Paragraph 34 of Plaintiff's Complaint and, therefore, the averments are denied.

35.     The averments in paragraph 35 of Plaintiff's Complaint are statements of law and, therefore, no response from ACCI is required. To the extent a response is required the averments are denied.

36.     ACCI denies the averments in paragraph 36 of Plaintiff's Complaint.

## COUNT I BREACH OF CONTRACT

37.     ACCI restates and incorporates by reference its responses in paragraphs 1 through 36 of its Answer as set forth herein.

38.     The averments in paragraph 38 of Plaintiff's Complaint do not apply to ACCI and, therefore, no response from ACCI is required. To the extent a response is required the averments are denied.

39.     The averments in paragraph 39 of Plaintiff's Complaint do not apply to ACCI and, therefore, no response from ACCI is required. To the extent a response is required the averments are denied.

40.     ACCI is without sufficient information to admit or deny the averments in paragraph 40 of Plaintiff's Complaint and, therefore, the averments are denied.

41.     ACCI is without sufficient information to admit or deny the averments in paragraph 41 of Plaintiff's Complaint and, therefore, the averments are denied.

42.     With respect to paragraph 42 of Plaintiff's Complaint, ACCI is without sufficient information to admit or deny what the Plaintiff has "attempted" to do and, therefore, the averment related to what Plaintiff has "attempted" to do is denied. All remaining averments in paragraph 42 of Plaintiff's Complaint are denied.

43.     With respect to the averments in paragraph 43 of Plaintiff's Complaint, ACCI is without sufficient information to admit or deny what that Plaintiff is "aware" of and, therefore, the averment related to what the Plaintiff is "aware" of is denied. All remaining averments are denied.

44.     With respect to the averments in paragraph 44 of Plaintiff's Complaint, ACCI denies that Plaintiff has suffered damages in the amount of $200,000 in financial loss or any other amount. The remaining averments do not apply to ACCI and, therefore, no response from ACCI is required. To the extent a response is required, the averments are denied.

## COUNT II CONVERSION

45.     ACCI restates and incorporates by reference its responses in paragraphs 1 through 44 of its Answer as set forth herein.

46.     ACCI denies the averments in paragraph 46 of Plaintiff's Complaint.

47.     ACCI denies the averments in paragraph 47 of Plaintiff's Complaint.

48.     ACCI denies the averments in paragraph 48 of Plaintiff's Complaint.

49.     ACCI denies the averments in paragraph 49 of Plaintiff's Complaint.

50.     ACCI denies the averments in paragraph 50 of Plaintiff's Complaint.

51.     With respect to the averments in paragraph 51 of Plaintiff's Complaint, ACCI denies that it has been entrusted with any sums of money by Plaintiff or that Plaintiff is entitled to recover any sum of money from ACCI. To the extent the averments in paragraph 51 of Plaintiff's Complaint pertain to any other entity or individual, no response from ACCI is

required. To the extent a response is required, the averments are denied. All remaining averments in paragraph 51 of Plaintiff's Complaint are denied.

52.    ACCI denies the averments in paragraph 52 or Plaintiff's Complaint.

53.    ACCI denies the averments in paragraph 53 of Plaintiff's Complaint.

### COUNT III UNJUST ENRICHMENT

54.    ACCI restates and incorporates by reference its responses in paragraphs 1 through 53 of its Answer as set forth herein.

55.    With respect to the averments in paragraph 55 of Plaintiff's Complaint, ACCI denies receiving any "Investments."[2] To the extent the averments in paragraph 55 of Plaintiff's Complaint pertain to any other entity or individual, no response from ACCI is required. To the extent a response is required, the averments are denied. All remaining averments in paragraph 55 of Plaintiff's Complaint are denied.

56.    ACCI denies the averments in paragraph 56 of Plaintiff's Complaint.

### COUNT IV TORTUOUS [SIC] INTERFERENCE WITH CONTRACTUAL ADVANTAGE

57.    ACCI restates and incorporates by reference its responses in paragraphs 1 through 56 of its Answer as set forth herein.

58.    With respect to the averments in paragraph 58 of Plaintiff's Complaint, ACCI denies that a "relationship" existed between ACCI and Plaintiff or that the "source of income of the ACCI Clinics Owned by ACCI" was being sold to the Plaintiff. To the extent the averments in paragraph 58 of Plaintiff's Complaint pertain to any other person or entity, no response from ACCI is required. To the extent a response is required, the averments are denied. All remaining averments in paragraph 58 of Plaintiff's Complaint are denied.

---

[2] Defined in Plaintiff's Complaint as "the investments of cash for equity by Plaintiff"

59.   ACCI denies the averments in paragraph 59 of Plaintiff's Complaint.

60.   ACCI denies the averments in paragraph 60 of Plaintiff's Complaint.

61.   ACCI denies the averments in paragraph 61 of Plaintiff's Complaint.

62.   ACCI denies the averments in paragraph 62 of Plaintiff's Complaint.

63.   ACCI denies the averments in paragraph 63 of Plaintiff's Complaint.

## COUNT IV[3] BREACH OF FIDUCIARY DUTY

64.   ACCI restates and incorporates by reference its responses in paragraphs 1 through 63 of its Answer as set forth herein.

65.   ACCI denies the averments in paragraph 65 of Plaintiff's Complaint.

66.   The averments in paragraph 66 of Plaintiff's Complaint do not apply to ACCI and, therefore, no response from ACCI is required. To the extent a response is required, the averments are denied.

67.   The averments in paragraph 67 of Plaintiff's Complaint do not apply to ACCI and, therefore, no response from ACCI is required. To the extent a response is required, the averments are denied.

68.   The averments in paragraph 68 of Plaintiff's Complaint do not apply to ACCI and, therefore, no response from ACCI is required. To the extent a response is required, the averments are denied.

69.   The averments in paragraph 69 of Plaintiff's Complaint do not apply to ACCI and, therefore, no response from ACCI is required. To the extent a response is required, the averments are denied.

---

[3] In Plaintiff's Complaint, Plaintiff's claims for "tortuous interference with contractual advantage" and breach of fiduciary duty are both labeled as "Count IV." There is no "Count V" to Plaintiff's Complaint.

70.     The averments in paragraph 70 of Plaintiff's Complaint do not apply to ACCI and, therefore, no response from ACCI is required. To the extent a response is required, the averments are denied.

## COUNT VI FRAUD IN THE INDUCEMENT

71.     ACCI restates and incorporates by reference its responses in paragraphs 1 through 70 of its Answer as set forth herein.

72.     The averments in paragraph 72 of Plaintiff's Complaint do not apply to ACCI and, therefore, no response from ACCI is required. To the extent a response is required, the averments are denied.

73.     ACCI is without sufficient information to admit or deny what if anything Plaintiff "relied" on and, therefore, all averments related to Plaintiff's reliance are denied. The remaining averments in paragraph 73 of Plaintiff's Complaint do not apply to ACCI and, therefore, no response from ACCI is required. To the extent a response is required, the averments are denied.

74.     ACCI denies the averments in paragraph 74 of Plaintiff's Complaint.

75.     The averments in paragraph 75 of Plaintiff's Complaint do not apply to ACCI and, therefore, no response from ACCI is required. To the extent a response is required, the averments are denied.

76.     The averments in paragraph 76 of Plaintiff's Complaint do not apply to ACCI and, therefore, no response from ACCI is required. To the extent a response is required, the averments are denied.

77.     The averments in paragraph 77 of Plaintiff's Complaint do not apply to ACCI and, therefore, no response from ACCI is required. To the extent a response is required, the averments are denied.

78.     The averments in paragraph 78 of Plaintiff's Complaint do not apply to ACCI and, therefore, no response from ACCI is required. To the extent a response is required, the averments are denied.

79.     ACCI denies the averments in paragraph 79 of Plaintiff's Complaint.

## COUNT VIII[4] VIOLATION OF RICO

80.     ACCI restates and incorporates by reference its responses in paragraphs 1 through 79 of its Answer as set forth herein.

81.     ACCI denies the averments in paragraph 81 of Plaintiff's Complaint.

82.     ACCI denies the averments in paragraph 82 of Plaintiff's Complaint.

83.     ACCI denies the averments in paragraph 83 of Plaintiff's Complaint.

84.     ACCI denies the averments in paragraph 84 of Plaintiff's Complaint.

85.     ACCI denies the averments in paragraph 85 of Plaintiff's Complaint.

86.     ACCI denies that Plaintiff is entitled to any of the relief requested in the WHEREFORE clause of the Complaint.

87.     ACCI denies all averments set forth in the Complaint that are not expressly admitted herein.

## AFFIRMATIVE DEFENSES

1.     The Complaint fails to state a claim upon which relief can be granted and, therefore, should be dismissed.

2.     The Complaint should be dismissed for Plaintiff's failure to join a person to be joined if feasible under CR 19.01, in whose absence the action should not proceed in equity and good conscience under CR 19.02.

---

[4] There is not "Count VII" to Plaintiff's Complaint.

11

3.     ACCI alleges all affirmative defenses outlined in KY CR 8.03 and CR 12.02 as if fully stated herein.

4.     ACCI relies on KRS 411.182 and the tortious conduct of other parties or non-parties or entities as a complete or partial bar to Plaintiff's tort claims against it.

5.     ACCI reserves the right to raise additional affirmative defenses as may be discovered in the course of these proceedings.

WHEREFORE, ACCI respectfully requests that the Court award the following relief with respect to the Complaint:

(a) Judgment dismissing the Complaint against ACCI, with prejudice;

(b) ACCI's costs incurred in defending this action, including a reasonable attorney's fee, as provided under common law and/or any applicable contract or statute;

(c) Any and all other relief to which ACCI is entitled.


Respectfully submitted,


_____
Grahmn N. Morgan
Kristeena L. Johnson
DINSMORE & SHOHL LLP
250 West Main Street, Suite 1400
Lexington, Kentucky 40507
Telephone: (859) 425-1000
Facsimile: (859) 425-1099
*Counsel for Defendant,*
*Advanced Care Center, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing was served via U.S. mail, postage prepaid on this the 5th _____ day of November, 2014 upon:

Stephen W. Long
P.O. Box 462
Crestwood, KY 40014
(502) 419-2210
*Counsel for Plaintiff Shaun Padgett*

_____
*Counsel for Defendant Advanced Care Center, Inc.*

7314058v1

13